UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNOR NOEL o/b/o J.A.W., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | No. CV 12-2064-AGR <br><br> **MEMORANDUM OPINION AND ORDER** |

Lynor Noel ("Noel") filed this action on November 30, 2012, on behalf of her son J.A.W.[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.) The parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The Court has taken the matter under submission without oral argument. The decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with a finding that J.A.W. has extreme limitation in the functional domain of acquiring and using information.

---

[1] The Court granted Noel's application to be appointed guardian ad litem for J.A.W. (Dkt. No. 7.)

# I.
# PROCEDURAL BACKGROUND

On November 30, 2009, an application for supplemental security income benefits was filed on behalf of J.A.W. Administrative Record ("AR") 17, 97-104. The application was denied on April 12, 2010. AR 53. On March 30, 2011, the Administrative Law Judge ("ALJ") conducted a hearing at which Noel and J.A.W. testified. AR 38-52. On April 20, 2011, the ALJ issued a decision denying benefits. A.R. 14-29. On August 24, 2012, the Appeals Council denied J.A.W.'s request for review. A.R. 5-9. This lawsuit followed.

# II.
# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A.     Definition of Disability for a Child

"An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).[2] An impairment is "marked and severe" if it meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix I.  20 C.F.R. § 416.924(d)(1).  A claimant's condition "meets" a listed impairment if the claimant's impairment matches the listed impairment. *Id.* A claimant's condition "medically equals" the listed impairment by demonstrating medical findings that are of equal medical significance to the listed impairment.  20 C.F.R. § 416.926(b)(1)(ii).  A claimant's condition "functionally equals" a listed impairment by showing either a marked limitation in two functional domains (out of six) or an extreme limitation in one domain.  20 C.F.R. § 416.926a(a).  The six domains are acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i-vi).

## B.     The ALJ's Findings

J.A.W. has the severe impairments of learning disorder, speech and language delay and borderline intellectual functioning disorder.  AR 20.  The ALJ found that J.A.W. does not meet or equal a listing.  *Id.*  With respect to the six domains, J.A.W. has marked limitation in acquiring and using information, less than marked limitation in attending and completing tasks, and no limitation in interacting and relating with others,

---

[2] "[N]o individual under the age of 18 who engages in substantial gainful activity . . . may be considered to be disabled." 42 U.S.C. § 1382c(a)(3)(C)(ii).

3

moving about and manipulating objects, caring for himself, and health and physical well-being. AR 22-29. The ALJ found that J.A.W. has not been disabled since November 13, 2009, the date the application was filed. AR 29.

### C. Acquiring and Using Information

Noel argues that the ALJ erred in finding J.A.W. had "marked" rather than "extreme" limitation in the functional domain of acquiring and using information. AR 23. Specifically, Noel contends that a valid test score three standard deviations below the mean on the Clinical Evaluation of Language Fundamentals-Revised (CELF) mandates a finding of disabled. Noel cites J.A.W.'s April 2010 CELF results.

Limitations affecting a child's ability to acquire and use information are comprised of limitations to the acquisition of knowledge and limitations to the use of that knowledge. 20 C.F.R. § 416.926a(g)(1)(i)-(ii); Social Security Ruling ("SSR") 09–3p.[3] A typically functioning school-age child is expected to (1) learn to read, write and do simple arithmetic; (2) become interested in new subjects and activities; (3) demonstrate learning by producing oral and written projects, solving arithmetic problems, taking tests, doing group work, and entering into class discussions; (4) apply learning in daily activities; and (5) use increasingly complex language. SSR 09–3p.

A marked limitation in a domain "interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limits several activities." *See* 20 C.F.R. § 416.926a(e)(2) (i). A marked limitation is more than moderate but less than extreme. *Id.* A child eighteen years or younger has marked limitation if he has a valid score that is two standard deviations or more below the mean "on a comprehensive

---

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

standardized test designed to measure ability of functioning" in a domain and the child's "day-to-day functioning in the domain related activities is consistent with that score." *See* 20 C.F.R. § 416.926(a)(e) (2)(ii).

An extreme limitation in a domain "interferes very seriously with your ability to independently initiate, sustain, or complete activities.  Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limits several activities." *See* 20 C.F.R. § 416.926a(e)(3)(i).  An extreme limitation is more than a marked limitation, and it is the rating given to the worst limitations.  *Id.*  A child eighteen years or younger has an extreme limitation if he has a valid score that is three standard deviations or more below the mean "on a comprehensive standardized test designed to measure ability of functioning" in a domain and the child's "day-to-day functioning in the domain related activities is consistent with that score."  *See* 20 C.F.R. § 416.926(a)(e)(3)(ii).

In April 2010, a speech/language pathologist administered a standardized test known as CELF[4] and found that the test results were valid.  AR 213, 214-17.  J.A.W.'s language scores were three standard deviations below the mean and indicative of "extreme delay" in those areas.  J.A.W. had "extreme" receptive (oral directions, word classes and semantic relationships) and expressive (formulated sentences, recalling sentences and sentence assembly) language delays.  AR 214.  J.A.W.'s total language score of 55 was the age equivalent of 5 years, 6 months and indicative of extreme delays.  AR 215.  The speech/language pathologist stated:

> Significant deficits in the areas of receptive/expressive vocabulary, grammar, syntax and auditory processing were noted.  [J.A.W.] required the maximum allowable repetition of test instruction and items.  He missed most items that

---

[4] The CELF is a "standardized test which provides differentiated measures of selected language skills in the areas of word meanings (semantics), word and sentence structure (morphology and syntax), and recall and retrieveal (memory) for children 6 years 0 months through 21 years 11 months."  AR 215.

did not permit repetition, per test protocol. There was an extremely slow response time. [J.A.W.] demonstrated an inability to recognize errors. [J.A.W.] had several "No Response" errors. He could not tell his home address, mother's phone number of his date of birth. [J.A.W.] struggled to maintain any conversation for more than 1-2 turns. He demonstrated a limited verbal repertoire.

AR 213.

Given the vital importance of language abilities to the domain of acquiring and using information, the CELF is properly considered a "comprehensive standardized test designed to measure ability or functioning" in the domain. *See F.M. v. Astrue,* 2009 WL 2242134, *8 (E.D.N.Y. July 27, 2009) (quoting 20 C.F.R. § 416.926a(e)(2)(iii)); *see also Perez v. Astrue*, No. 08–CV–02176, 2009 WL 3076259, at *6 (D. Colo. Sept. 23, 2009) ("Given the important role of oral communication in the domains of acquiring and using information and interacting and relating with others, a child with a significant speech impairment may have functional limitations in both domains.").

The ALJ noted that a speech/language pathologist conducted an evaluation in April 2010, but inexplicably failed to consider the CELF scores and, specifically, the fact that J.A.W.'s valid scores were three standard deviations below the mean pursuant to 20 C.F.R. § 416.926(a)(e)(3)(ii). This was error. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir.1998) (ALJ erred in failing to account for significant evidence and inaccurately paraphrasing portions of the record).

J.A.W.'s day-to-day functioning in acquiring and using information is consistent with his poor score on the CELF, which would direct a finding of an extreme limitation in that domain. *See* 20 C.F.R. § 416.926(a)(e)(3)(ii).

On October 6, 2009 and December 17, 2009, J.A.W.'s third grade teacher completed a functionality questionnaire. AR 23, 233-37, 238-45. On both occasions, the teacher rated J.A.W. a 5 on a scale of 1 to 5, indicating J.A.W. had a "very serious problem (extreme)" in the domain of acquiring and using information. AR 23, 234, 239.

6

As noted by the ALJ, acquiring and using information included "comprehending oral instructions; understanding school and content vocabulary; reading and comprehending written material; comprehending and doing math problems; understanding and participating in class discussions; providing organized oral explanations and adequate descriptions; expressing ideas in written form; learning new material; recalling and applying previously learned material; applying problem solving skills in class discussion; using language appropriate to the situation and listener; and introducing and maintaining relevant and appropriate topics of conversation." AR 23, 239. The teacher reported that J.A.W. is "unable to work independently at grade level" and is working in a "[Resource Specialist Program ("RSP")] 120 minutes per week in a very structured environment." AR 234.

In an October 2009 re-evaluation of J.A.W.'s Individualized Educational Plan ("IEP"), the psychologist noted that J.A.W.'s "scores revealed that he had difficulty focusing his attention on instructions; his functioning was within the very low range in all academic subjects; and his ability to apply his academic skills was within the low range." AR 23, 194. "[H]is level of communication was limited and he did not speak much." AR 23, 192-93. J.A.W. had "low achievement in areas of written expression, basic reading skills, reading comprehension, math reasoning, math calculation, and oral expression." AR 23, 191-92, 194. J.A.W.'s "expressive and receptive language skills" were found to be in the bottom 1% and 8%. AR 193. On October 12, 2009, J.A.W.'s school RSP teacher noted that J.A.W.'s performance is "low in mathematics and math calculation skills; and very low in reading, written language, and written expression." AR 203-04.

The ALJ noted that a state agency psychiatrist, Dr. Brooks, opined that J.A.W. had a marked limitation in acquiring and using information. AR 24, 228. However, Dr. Brooks is a nonexamining psychiatrist who relied on the speech/language pathologist's scores. AR 228. The regulations provide that valid scores three standard deviations below the mean fall within the range of extreme limitation. Dr. Brooks' conclusory form

does not explain his deviation from the regulations and does not constitute substantial evidence to discount an examining pathologist's opinion.

The ALJ's decision is not supported by substantial evidence.[5]

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with a finding that J.A.W. has extreme limitation in the functional domain of acquiring and using information.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 20, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[5] The Commissioner now offers her interpretation of J.A.W.'s earlier scores on other evaluations and whether those scores were one, two or three standard deviations below the mean. The evaluation reports themselves do not identify the standard deviations. More importantly, the ALJ did not rely on such an analysis and this court cannot consider them. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("[w]e review only the reasons provided by the ALJ in the disability determination").